IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RAYMOND T. LEWIS,**
    Petitioner,

v.                                           Case No.  5:06cv111/RS/MD

**JAMES R. MCDONOUGH,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 12).  Petitioner has filed a reply.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On June 29, 2004, petitioner was charged in the Circuit Court of Hamilton County, Florida, with possession of a firearm by a convicted felon (Count I), possession of a controlled substance with intent to sell or deliver (Count II), possession fo drug paraphernalia (Count III), and battery (Count IV) in case number 04-08-CF.  (Doc. 12, ex. A).[1]  Prior to trial, he filed a motion to suppress the drug

---

[1]Hereafter all references to exhibits will be to those attached to Doc. 12 unless otherwise noted.

evidence.  (Ex. B).  After an evidentiary hearing, the trial court denied the motion.  (Exs. C, D).  The case processed to trial, and on June 30, 2004 petitioner was found guilty by jury verdict of Counts I-III as charged.  He was found not guilty of Count IV (battery).  (Ex. F).  On July 26, 2004 the trial court adjudicated petitioner guilty of Counts I-III and sentenced him to concurrent 5-year terms of imprisonment on Counts I and II, and to a 1-year term of imprisonment on Count III, concurrent with the sentences imposed on Counts I and II.  (Ex. G).  Petitioner appealed, raising one claim: that the trial court erred by denying his motion to suppress.  (Ex. H).  The Florida First District Court of Appeal ("First DCA") affirmed petitioner's convictions and sentences without written opinion on December 27, 2005.  *Lewis v. State*, 919 So.2d 440 (Fla. Dist. Ct. App. 2005) (Table) (copy at Ex. K).  Petitioner initiated this federal habeas proceeding on May 23, 2006.  (Doc. 1).

## DISCUSSION

Petitioner raises one ground for relief in his habeas petition: that the trial court erred by denying his motion to suppress physical evidence that he argued was seized in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  (Doc. 1, p. 4).  For the reasons that follow, the undersigned concludes that this court is precluded from reviewing the claim.

Federal courts are precluded from conducting post-conviction review of a petitioner's Fourth Amendment claim of an unconstitutional search or seizure if the state courts provided "an opportunity for full and fair litigation" of that claim.  *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976); *see also Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000), *cert. denied*, 531 U.S. 1128, 121 S.Ct. 886, 148 L.Ed.2d 794 (2001); *Huynh v. King*, 95 F.3d 1052, 1058 (11th Cir. 1996).  This bar applies without regard to whether the defendant actually availed himself of the opportunity to fully and fairly litigate such a claim.  *See Huynh*, 95 F.3d at 1058 (citing *Caver v. State of Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).[2]  "In

---

[2]In *Boner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of hte former Fifth Circuit rendered prior to the close of business on September 30, 1981.

*Stone*, the Court reasoned that, so long as a defendant had the opportunity to present his Fourth Amendment claims to the state trial and appellate courts, the objectives of the exclusionary rule have been satisfied." *Bradley, supra*, 212 F.3d at 564-65.

> For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims.

*Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990)); *Caver, supra*, 577 F.2d at 1191-92 ("'[F]ull and fair consideration' of a fourth amendment claim [includes] at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute."); *see also Stone, supra*, 428 U.S. at 494 n. 36, 96 S.Ct. at 3052 n. 36.[3] Furthermore, even if a state court erred in its Fourth Amendment analysis, a federal court will not consider the merits of a Fourth Amendment claim. *See Swicegood v. State of Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

In the present habeas petition, petitioner does not argue that he was denied the opportunity to present facts to the trial court or to argue the issue before an appellate court. In fact, petitioner did both. Prior to trial, on June 18, 2004 the trial court held a full and fair evidentiary hearing on petitioner's motion to suppress. (Ex. C). Five witnesses testified at the hearing. At the close of the hearing, the trial court denied the motion after making explicit and comprehensive findings of fact in

---

[3]The Supreme Court, in a footnote in its *Stone* decision, cited its earlier decision in *Townsend v. Sain* to elaborate on the meaning of the phrase "full and fair litigation." *See Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled in part*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5, 112 S.Ct. 1715, 1717, 118 L.Ed.2d 318 (1992). *Townsend* lays out certain factors for a court to consider in resolving whether an issue has been fully and fairly litigated. Among these factors are whether there was a hearing procedure available, how well the factual issues were developed, and whether the trial court's fact-findings are adequately supported by the record. *See Townsend,* 372 U.S. at 312-13, 83 S.Ct. at 757.

relation to petitioner's Fourth Amendment claim. (*Id.,* pp. 72-73; ex. D).[4]  In addition, the trial court, applying the correct standards of federal law to the facts, denied petitioner's Fourth Amendment claim on the merits.  That determination is fairly and amply supported by the record.  (Exs. C, D).  Furthermore, petitioner appealed the trial court's ruling on his Fourth Amendment argument.  The state appellate court

---

[4]The trial court found under the totality of the circumstances that the law enforcement officer (Sergeant Harper) reasonably believed that Ms. Dye had authority to consent to a search of the residence, and that she consented to the warrantless search. To support this determination the trial court found as follows:

> Well, you do look at the totality of the circumstances and it would greatly point to her [Ms. Dye] being a resident in that home.  I know it was early in the morning and she's over there and he kicks someone out, he told her to leave.
>
> There's many a husband and wife that have told the other to leave.  You know, that doesn't mean that you would leave.  Now, these [two] weren't married, but it doesn't necessarily mean that it go further than that, not husband and wife, but co-inhabitants.  They get mad and say that, but this was early in the morning.
>
> [Ms. Dye's] clothes were in there.  I think it's important that even prescription drugs were in there.  You really have to pick around to find a reason to say she didn't live there.
>
> Now, she was a reluctant witness to begin with.  But even being so, she showed that she had been a resident there.
>
> Now, whether or not technically she was and the police had to say was she now, even though she might have been two minutes ago, had it changed right here, there wasn't anything that they could pick and choose about that.
>
> And there's every reason in the world that police or law enforcement would understand her to be a resident at home for which she could give consent and for which she did.
>
> I think it's important, too, that the testimony of the probation officer that she had supervised her and that was the home address that she was a resident at, that she had given to probation for this period of time.
>
> You know, the question on voluntariness, just hearing her testimony was indicative of being voluntary.
>
> Now, the fact that you may say she was warned, did they tell her beforehand, I don't know for sure.  Now, I heard it both ways in her testimony, but the witness herself, Guana Dye, didn't make any indication that hold[s] any water that she was under any duress.
>
> She was a resident of the home.  It's reasonable to think that she would be, she gave her consent, it was voluntarily done.

(Ex. C, pp. 72-73; ex. D).

*Case No: 5:06cv111/RS/MD*

reviewed the claim on the merits, and affirmed the trial court's denial of petitioner's motion to suppress. *Lewis v. State, supra* (copy at Ex. K). Based on the foregoing, the undersigned is satisfied that petitioner was afforded every full and fair opportunity to litigate his Fourth Amendment claim. Accordingly, this court should not review it, and no habeas relief is warranted.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) challenging the judgment of conviction and sentence in *State of Florida v. Raymond Lewis*, in the Circuit Court of Hamilton County, Florida, case number 04-08-CF, be DENIED and the clerk be directed to close the file.

At Pensacola, Florida this 9th day of August, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).